IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JIMMIE HAROLD CAUDLE, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> OFFICE OF BONNEVILLE COUNTY ) <br> PROSECUTING ATTORNEY, DANE ) <br> H. WATKINS, JR., Prosecuting ) <br> Attorney; BONNEVILLE COUNTY ) <br> SHERIFF'S OFFICE, BYRON ) <br> STOMMEL, Bonneville County Sheriff, ) <br> JOHN DOES I-XX, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. CV04-569-E-MHW <br><br> **MEMORANDUM ORDER** |

Pending before the Court in this civil rights action are the following motions ripe for adjudication: Bonneville County Defendants' Motion for Summary Judgment (Docket No. 11) and Defendants' Motion to Strike (Docket No. 34). All parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

The parties argued their respective positions at an argument held in Pocatello, Idaho, on August 23, 2005. Having completed a review of the record, and having

**MEMORANDUM ORDER   1**

considered the arguments of the parties, the Court enters the following Order granting Defendants' Motion for Summary Judgment.

## I.

## MOTION FOR SUMMARY JUDGMENT

**A.    Standard for Summary Judgment**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In a motion for summary judgment, the moving party bears the "initial burden of identifying for the court those portions of the record which demonstrate the absence of any genuine issues of material fact."  *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)).  If the moving party points to portions of the record demonstrating that there appears to be no genuine issue of material fact as to claims or defenses at issue, the burden of production shifts to the non-moving party.  To meet its burden of production, the non-moving party "may not rest upon the mere allegations contained in his complaint, but he must set forth, by affidavits, exhibits or otherwise, specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56; *see T.W. Electric Serv.*, 809 F.2d at 630

**MEMORANDUM ORDER - 2**

(internal citation omitted).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party.  All inferences that can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party.  *T.W. Elec. Serv.*, 809 F.2d at 630-31 (internal citation omitted).

**B.     Facts**

Prior to December 11, 2002, Plaintiff had obtained several civil protective orders (CPOs) against his ex-wife, Amanda Wright ("Wright").  On October 9, 2002, in a criminal case against Wright for violating a CPO, the judge modified the existing CPO against Wright so that it would never expire, and he ordered Wright to serve 90 days in jail as a result of breaking the CPO.  *See Plaintiff's Statement*, at pp. 1-2 (Docket No. 18).

Shortly after she was released from jail, on December 11, 2002, Wright called the Bonneville County Sheriff's Office and reported that at approximately 6:00 p.m., Plaintiff Jimmie Caudle had driven to her home, made threatening remarks, and had driven away.  She also reported that Caudle returned to her home shortly thereafter, entered her home uninvited, and forced her into his van.  She asserted that she was able to jump out of the van when it slowed down for traffic, and that she ran into a residence for help.  The Court clarifies that it is not accepting Wright's allegations as true, but that there is no dispute that Wright did make the call and did make these allegations.  Deputy Jason Sorenson was dispatched to investigate.  He spoke with Wright.  He photographed Amanda's bruised left hand.  *See Affidavit of Jason Sorenson*, Exhibit A, Police Report, at p.4

**MEMORANDUM ORDER  3**

(Docket No. 14). He also spoke to witnesses Sean Johnson and Wendy Baldwin. Both corroborated Wright's story. Sorenson also verified with the police dispatcher that there was a civil protective order in effect preventing Plaintiff from having contact with Wright. Later in the evening of December 11, 2002, Bonneville County Sheriff's Deputies arrested Plaintiff at a local bar. *See Plaintiff's Statement*, at pp. 6-14 (police report) (Docket No. 18)

Officer Warren Hudman's police report indicates that he did fairly extensive investigation into Plaintiff's alibi witnesses. After he completed his investigation, he noted that Plaintiff was unaccounted for during the period of time in which the kidnaping took place. *See id*.

Bruce L. Pickett, a Deputy Prosecutor at Bonneville County, decided to prosecute Plaintiff. He handled the case from start to finish. Dane Watkins, the Bonneville County Prosecutor, had no personal involvement in the case, but was the supervising attorney of all of the attorneys at the Bonneville County Prosecutor's Office at that time. *See Affidavits of Pickett and Watkins* (Docket Nos. 30 & 31). On December 12, 2002, Pickett, as representative of the Bonneville County Prosecutor's Office, filed a criminal action against Plaintiff for second degree kidnaping. On January 6, 2003, Magistrate Judge Earl Blower held a preliminary hearing and found probable cause to bind Plaintiff over for trial. *See Defendants' Statement of Undisputed Material Facts*, at ¶ 5 (Docket No. 13).

Pickett later amended the complaint to include burglary, assault, battery, and

**MEMORANDUM ORDER   4**

violation of a CPO. A second preliminary hearing on the amended complaint was held on March 14, 2004, before Magistrate Judge Williams Hollerich. At that time, Judge Hollerich found probable cause and bound Plaintiff over for trial. *See id*.

On July 15 and 16, 2003, Plaintiff proceeded to a jury trial on the charges and was acquitted. He subsequently brought this § 1983 lawsuit, asserting that Defendants violated his civil rights in his arrest and prosecution.

## C.  Requirement of Personal Participation in the Alleged Violation

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. In the Complaint, Plaintiff asserts that Defendants violated his constitutional rights by wrongfully arresting him without a warrant or proper investigation and by instigating a malicious prosecution.

Plaintiff has named Byron Stommel, Bonneville County Sheriff, as a Defendant because he is the supervisor of the deputies who arrested Plaintiff. He has named Dane Watkins, Bonneville County Prosecutor, as a Defendant because he is the supervisor of the deputy prosecutor who pursued charges against Plaintiff.

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In *Taylor v. List*, 880 F.2d 1040 (9th Cir. 1989), the court outlined the requirements for a finding of proximate causation:

Liability under section 1983 arises only upon a showing of personal

**MEMORANDUM ORDER  5**

> participation by the defendant. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983.

*Id*. at 1045.

Stommel and Watkins have brought forward affidavits showing that they were not involved. Plaintiff has failed to bring forward any facts showing that Byron Stommel or Dane Watkins had any participation in his arrest or prosecution. Therefore, Stommel and Watkins are entitled to summary judgment on Plaintiff's claims.

**D.      Municipal Liability**

Plaintiff has named Bonneville County and the Bonneville County Sheriff's Office Defendants because they are responsible for their employees. The law is clear that a local governmental entity may not be sued except where it is alleged that the execution of a government's policy or custom inflicted the injury of which Plaintiff complains. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978). That is, "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). There is no respondeat superior liability under § 1983. *Id.* Requisite elements of a § 1983 claim against a municipality are the following: (1) the plaintiff was deprived of a constitutional right; (2) the county had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs*., 237

**MEMORANDUM ORDER   6**

F.3d 1101, 1110-11 (9th Cir. 2001) (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir.1996) (internal quotation marks omitted)).

Here, Plaintiff has failed to identify any policy of Bonneville County that caused the alleged civil rights violations. Accordingly, his claims against Bonneville County and the Bonneville County Sheriff's Office are subject to summary judgment.

**E.     Absolute Immunity**

To the extent that Plaintiff's facts can be construed to assert that Dane Watkins had actual notice of, or actual supervision over the prosecution of, Plaintiff's case because Watkins was Bonneville County Prosecutor, Watkins is entitled to absolute prosecutorial immunity. It is well settled that a prosecutor is entitled to absolute prosecutorial immunity from liability for damages under 42 U.S.C. § 1983 when the alleged wrongful acts were committed by the prosecutor in the performance of an integral part of the criminal judicial process. *Robichaud v. Ronan*, 351 F.2d 533, 536 (9th Cir. 1965); *Imbler v. Pachtman*, 424 U.S. 409 (1976).

Prosecutors are not immune if they conduct their own investigations, if they fabricate evidence, or if they acquire known false evidence for use in a prosecution. *See Milstein v. Cooley*, 257 F.3d 1004, 1011 (9th Cir. 2001); *see also Genzler v. Longanbach*, 384 F.3d 1092, 1097 (9th Cir. 2004) ("Witness interviews may serve either an investigative or an advocatory function, as may other methods of gathering or manufacturing evidence prior to trial."). In this case, Plaintiff has come forward with no facts showing that Watkins was involved in the investigatory stages of the case, that he

**MEMORANDUM ORDER - 7**

fabricated evidence or that he acquired known false evidence. Accordingly, affording Watkins absolute prosecutorial immunity (also called quasi-judicial immunity) is appropriate.

### F.     Whether the Arrest Violated Plaintiff's Constitutional Rights

Defendants also alternatively argue that they cannot be held liable for a civil rights violation as a result of Officer Sorenson's actions because Plaintiff has produced insufficient evidence to show that his arrest violated his civil rights. The law is clear that the Fourth Amendment's prohibition against unreasonable searches and seizures is not violated by a warrantless arrest in a public place upon probable cause. *United States v. Watson*, 423 U.S. 411 (1976). The Ninth Circuit recently reiterated the proper manner in which a court should determine whether probable cause existed:

> To evaluate whether the police had probable cause to make an arrest, . . . we consider the nature and trustworthiness of the evidence of criminal conduct available to the police. Police have probable cause to arrest where "the facts and circumstances within their knowledge and of which they [have] reasonably trustworthy information [are] sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense."

*Beier v. City of Lewiston*, 354 F.3d 1058 (9th Cir. 2004) (citing *Beck v. Ohio*, 379 U.S. 89, 91) (1964)).

Similarly, in *Carroll v. United States*, 267 U.S. 132 (1925), the court noted:

> If a constable or other peace officer arrest[s] a person without a warrant, *he is not bound to show in his justification a felony actually committed, to render the arrest lawful*; but if he suspects one on his own knowledge of facts, or on facts communicated to him by others, and thereupon he has

**MEMORANDUM ORDER   8**

...

>reasonable ground to believe that the accused has been guilty of felony, the arrest is not unlawful.

*Id.* at 161 (citation omitted) (emphasis added).

In this case, Officer Sorenson conducted an adequate investigation before arresting Plaintiff.  The victim's complaint, marks on the victim's hand, two witnesses, and the dispatcher's report of a current civil protective order provided probable cause for the arrest.  Of these items, the witness who did not know the victim but who corroborated her story and the dispatcher's report of a current civil protective order were particularly trustworthy.

Plaintiff has produced no facts that show that Officer Sorenson possessed information at the time of the arrest that would have negated or called into question the evidence upon which Sorenson relied for the arrest.  This case is unlike the facts in *Beier*, where the police arrested the plaintiff for violating a protective order, although he was simply attending church at the same location as his estranged wife.  The police did not read the protective order, which was clear in its terms and readily available to them.  The Court specifically noted that "there [was] . . . simply no viable reading of the order pursuant to which Beier was in violation." 354 F.3d at 1068.  The prosecutor later dismissed the charges against Beier.

Here, in contrast, the evidence that Officer Sorenson possessed at the time of the arrest was sufficient for a finding of probable cause.  There is nothing in the record suggesting that a protective order against Plaintiff preventing him from visiting the victim

**MEMORANDUM ORDER  9**

in her home was *not* in place at the time of the arrest.  In addition, there are ample factual allegations supporting the other charges, including kidnaping, which had nothing to do with the protective order.  Also supporting Officer Sorenson's appropriate decision to arrest is the fact that two different magistrate judges later found that this same evidence provided sufficient probable cause to bind Plaintiff over for trial.  "A post-arrest probable cause determination performs the same function for those arrested without warrants as a pre-arrest probable cause determination does for suspects arrested with warrants." *Jones v. City of Santa Monica*, 382 F.3d 1052, 1056 (9th Cir. 2004).

Based upon all of the foregoing, Plaintiff has not shown that his arrest violated the Fourth Amendment.  Defendants are also alternatively entitled to summary judgment on this ground.

### G.   John Doe Defendants

In its scheduling order issued December 13, 2004, the Court ordered Plaintiff to identify and serve the Complaint on the John Doe Defendants no later than February 12, 2005.  At that time, the Court warned Plaintiff that failure to do so would result in dismissal of claims against the John Doe Defendants.  Plaintiff has failed to amend his Complaint to assert the true names of the John Doe Defendants.  Accordingly, all claims against them are dismissed.

## II.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Bonneville County

**MEMORANDUM ORDER - 10**

Defendants' Motion for Summary Judgment (Docket No. 11) is GRANTED. Plaintiff's Complaint is DISMISSED in its entirety with prejudice.

IT IS FURTHER HEREBY ORDERED that Defendants' Motion to Strike (Docket No. 34) is DENIED. The Court considered all of Plaintiff's submissions prior to determining the pending motion for Summary Judgment.

DATED: September 28, 2005

**Honorable Mikel H. Williams**
**United States Magistrate Judge**

MEMORANDUM ORDER   11